An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KELLY MULLINS AND FRANK CARLISLE, AS BENEFICIARIES OF DECEDENT DOROTHY BOYLE, AND AS INDIVIDUALS,<br>Appellants,<br>vs.<br>HENRY CAVALLERA,<br>Respondent. | No. 57583<br><br>FILED<br><br>MAR 15 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order, certified as final under NRCP 54(b), in a legal malpractice action. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Appellants' claims against respondent were dismissed based on the statute of limitations set forth in NRS 11.207. The record indicates that the district court considered evidence beyond the complaint, and we thus review the order under a summary judgment standard. NRCP 12(b); NRCP 56. Summary judgment is appropriate when no genuine issues of material fact are present and the movant is entitled to judgment as a matter of law. NRCP 56(c); Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). We review such an order de novo. Wood, 121 Nev. at 729, 121 P.3d at 1029.

Having reviewed the briefs and appendices, we conclude that the district court did not err in entering judgment in favor of respondent as to any malpractice based on decedent Dorothy Boyle's denied Medicaid benefits. Appellants learned of the denial no later than April 2006. Any claim based thereon was thus required to be filed no later than April 2010.

13-07874

NRS 11.207(1) (providing that an action for legal malpractice must be filed within 4 years after a plaintiff sustains damage). The instant complaint was filed on June 3, 2010, and is thus time-barred.

We conclude, however, that factual issues remain regarding whether appellants' malpractice claims based on Walter Boyle's life insurance policy are time-barred. Respondent Henry Cavallera relied on a letter sent in September 2006, memorializing a telephone conversation that occurred on August 31, 2006, in which Cavallera stated that appellants had acknowledged that their half-brother, Kaniela Boyle, had spent virtually all of the insurance proceeds on items other than Dorothy Boyle's care. This letter suggests that damages were sustained by this date, and thus, the complaint was required to be filed by September 2010, which it was.

Cavallera nevertheless asserts that the letter demonstrates that appellants were also aware of the basis for any legal malpractice claim by this date, which triggered the two-year limitation portion of NRS 11.207, which requires a legal malpractice claim to be filed within two years of when the plaintiff discovers or reasonably should have discovered "the material facts which constitute the cause of action." NRS 11.207(1). Nothing in the record, however, conclusively establishes that appellants were aware of any negligence by respondent at the time the letter was sent. Consequently, it is not clear that appellants were aware of the material facts underlying any claim against respondent, or whether respondent's conduct constituted concealment under NRS 11.207(2), and these factual issues preclude summary judgment based on statute of limitations.

Accordingly, we affirm the portion of the district court's order dismissing appellants' claims based on the denial of Medicaid benefits, and we reverse the portion of the order dismissing the claims based on the life insurance beneficiary designation and we remand this matter for further proceedings consistent with this order.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Second Judicial District Court, Dept. 8
     Nicholas F. Frey, Settlement Judge
     Kenneth J. McKenna
     Laxalt & Nomura, Ltd./Reno
     Washoe District Court Clerk

